IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KARL LINARD MALLOY,

        Appellant,

      v.                                            Civil Action No. 3:24CV200 (RCY)

JAMES E. KANE, *et al.*,

        Appellees.

## MEMORANDUM OPINION

*Pro se* Appellant Karl Linard Malloy appeals a Memorandum Opinion and Order from the United States Bankruptcy Court for the Eastern District of Virginia.  Appellant takes issue with the Bankruptcy Court's award of fees to Appellant's former counsel, James Kane and Jason Kane, of the law firm Kane & Papa, P.C.  For the reasons that follow, the Court AFFIRMS the decision of the Bankruptcy Court.

### I.  BACKGROUND

Appellees appeared as counsel for Appellant, who is the debtor in this matter's underlying bankruptcy proceedings.  Mem. Op. & Order Approving Fee App. ("Mem. Op. Approving Fee App.") 1,[1,2] ECF 1-1 at 4.  Appellees elected to seek reimbursement by way of filing fee applications pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii).  *Id.*  Just over a month after appearing as counsel for Appellant, Appellees filed a Motion for Leave to Withdraw as Counsel, which the Bankruptcy Court granted.  *Id.*  In January of 2024, Appellees filed an Application for

---

[1] Given the multi-layered docket-stamping that appears on the top of the record documents, the Court cites page numbers according to the documents' original pagination, where possible.

[2] The Memorandum Opinion Approving Fee Award also appears in the designated Record.  *See* ECF No. 3-5 at 803.

Compensation ("Fee Application"), *id*.; *see also* ECF No. 3-5 at 696 (original Fee Application).

Appellant filed an Objection to the Fee Application, ECF No. 3-5 at 712, and the Bankruptcy Court

issued a Scheduling Order setting out various briefing and disclosure timelines and scheduling the

matter for a hearing, ECF No. 3-5 at 715.  The Bankruptcy Court duly conducted its hearing, *see*

Feb. 21 Fee Approval Hrg. Tr., ECF No. 5, and a Memorandum Opinion and Order Approving

Fee Application followed, in which the Bankruptcy Court approved a fee award calculated based

on its application of the law and various adjustments made as a result of Appellant's Objection

and the evidence and arguments presented at the hearing.  *See generally* Mem. Op. Approving Fee

App.

       Appellant now appeals that award, raising a plethora of grounds for error.  Appellant Br.,

ECF No. 6.  Appellees responded, asserting that no grounds for reversal exist and that the Court

should affirm the award.  Appellant Br., ECF No. 7.

## II.  LEGAL STANDARD

       Federal district courts are empowered to hear appeals "from final judgments, orders, and

decrees" issued by the bankruptcy court.  28 U.S.C. § 158(a)(1).  When considering an appeal from

the bankruptcy court, the district court reviews the bankruptcy court's factual findings for clear

error and its legal conclusions *de novo*.  *Shin v. Lee*, 550 F. Supp. 3d 313, 318 (E.D. Va. 2021)

(citing *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014)).  Mixed questions of law and fact are also

reviewed *de novo*.  *Id.* (citing *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007)).  According

to the Supreme Court, "a finding is clearly erroneous when although there is evidence to support

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed."  *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal

brackets and quotation marks omitted).

A grant of attorneys' fees is reviewed for abuse of discretion, but legal determinations justifying such an award are reviewed *de novo*. *Colo. Bankers Life Ins. Co. v. Acad. Fin. Assets, LLC*, 60 F.4th 148, 153 (4th Cir. 2023); *see also Prophet v. Fitzgerald (In re Rosenschein)*, 651 B.R. 677, 683 (D.S.C. 2023). "A court abuses its discretion when its conclusion is 'guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.'" *In re Jemsek Clinic*, 850 F.3d 150, 156 (4th Cir. 2017) (quoting *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)).

## III. ANALYSIS

Appellant raises twenty-four issues on appeal (generally, "Issue(s)"). Appellant's Br. 1–3, ECF No. 6. These are:[3]

1.  whether the Bankruptcy Court erred in finding that Kane & Papa, P.C.'s request for $9,750 was a typographical error instead of a material misstatement;

2.  whether the Bankruptcy Court erred in not identifying statements made by James E. Kane and Kane & Papa, P.C. as material misstatements;

3.  whether the Bankruptcy Court erred in publishing a memorandum opinion and order regarding this matter when the Judge stated, "I'm going to seal the record that has been filed on the Court as of today, although I'm doing that sua sponte";

4.  whether the Bankruptcy Court erred in waiving *Pro Se* Appellant's request that the Court "hold an evidentiary hearing either in camera or in Court while sealed";

5.  whether the Bankruptcy Court erred by admitting Kane & Papa P.C.'s Exhibits;

6.  whether the Bankruptcy Court erred in stating in its Memorandum Opinion and Order that Kane & Papa, P.C.'s Engagement Letter "was admitted without objection from either party";

---

[3] The Court applies common numbering, rather than the roman numerals appearing in Appellant's Brief, for ease of reference.

7.   whether the Bankruptcy Court erred in permitting Kane & Papa, P.C. to introduce testimony;

8.   whether the Bankruptcy Court erred in permitting Kane & Papa, P.C. to introduce evidence;

9.   whether the Bankruptcy Court erred in determining that there was no evidence that Kane & Papa, P.C. acted in bad faith;

10.  whether the Bankruptcy Court erred in determining that the amount of prejudice suffered by the Appellant is negligible;

11.  whether the Bankruptcy Court erred in determining the amount and a degree of sanctions to impose on Kane & Papa, P.C.;

12.  whether the Bankruptcy Court erred in determining that the attorney-client privilege does not bar the admission into evidence of Kane & Papa, P.C.'s Application for compensation;

13.  whether the Bankruptcy Court erred in stating that the Debtor did not submit a motion requesting that the Hearing be sealed in compliance with the Scheduling Order;

14.  whether the Bankruptcy Court erred in determining that only two of the time entries provided by Kane & Papa, P.C. could possibly reveal privileged information;

15.  whether the Bankruptcy Court erred in finding that a charge more than the "no-look" fee based on an application after an initial charge of a "no-look" fee amount was appropriate;

16.  whether the Bankruptcy Court erred in determining that the Engagement Letter identified the hourly rate for both James E. Kane and Jason E. Kane;

17.  whether the Bankruptcy Court erred in determining that contemporaneous time records were maintained by Kane & Papa, P.C.;

18.  whether the Bankruptcy Court erred in determining that Kane & Papa, P.C.'s time records are an accurate reflection of the time devoted to the work performed;

19.  whether the Bankruptcy Court erred in its arithmetic;

20.  whether the [Bankruptcy] Court erred in determining that the lodestar calculation of allowable compensation is $8,183;

21.  whether the [Bankruptcy] Court erred in determining that no downward adjustment need to be made to the lodestar amount;

22. whether James E. Kane has an ethical and legal duty to tell the truth to the Bankruptcy Court;

23. whether Kane & Papa, P.C. has an ethical and legal duty to tell the truth to the Bankruptcy Court; [and]

24. whether Jason E. Kane has an ethical and legal duty to correct the statements of James E. Kane and Kane & Papa, P.C. made to the Bankruptcy Court when Jason E. Kane has actual knowledge that the statements of James E. Kane and Kane & Papa, P.C. made to the Bankruptcy Court are not true.

Appellant's Br. 1–3.  However, Appellant does not present any argument in support of his position, in either his brief or other papers, with respect to nine of these, specifically Issues 10, 11, 15, 16, 17, 18, 19, 20, and 21.  Appellant's failure to do so constitutes a waiver of the Issues therein.  *See* Fed. R. App. P. 28(a) (listing the requirements for an appellate brief, which include a statement of the issues and argument *for each issue*); *see Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013) (argument is waived when a party fails to support its contentions "with citations to the authorities and parts of the record on which [it] relies" (alteration in original) (quoting Fed. R. App. P. 28(a)(8)(A)).  This leaves the following Issues, which the Court categorizes and addresses according to the organization of Appellant's Brief:

**A.  Issues 1, 2, 22, 23, & 24:  Material Misstatements**

In Issues 1 and 2, Appellant generally argues that the Bankruptcy Court erred in not identifying statements made by James E. Kane and Kane & Papa, P.C. as material misstatements.[4] The Court interprets this to challenge the Bankruptcy Court's determinations both as to statements contained in Appellees' Fee Application, Appellant's Br. 11, ¶ 35, and as to various purported material misstatements in James E. Kane's testimony at the hearing on the Fee Application ("Fee Application Hearing"), *id.* at 17–20, ¶¶ 36–55.  Alongside these alleged misstatements, Appellant

---

[4] In Issue 1, Appellant specifically identifies "Kane & Papa, P.C.'s request for $9,750" and the Bankruptcy Court's determination that this request constituted "a typographical error instead of a material misrepresentation." Appellant's Br. 1.  Appellant's assignment of error in Issue 2 is more general.

argues in Issues 22, 23, and 24 that Appellees had "an ethical and legal duty to tell the truth to the Bankruptcy Court," and that Appellees violated said duty through Kane & Papa, P.C.'s material misstatements in the Fee Application, James Kane's material misstatements at the Fee Application Hearing, and Jason Kane's failure to correct James Kane's material misstatements.

1. Material Misstatements

The Court reviews the Bankruptcy Court's determinations as to the materiality of the alleged misstatements for clear error, particularly with respect to the statements' ability to influence relevant action—in this case, the ultimate determination of an appropriate fee award. *See United States v. Garcia-Ochoa*, 607 F.3d 371, 376 (4th Cir. 2010). Here, the Court finds that the Bankruptcy Court did not commit clear error in addressing the misstatements identified by Appellant in connection with the Fee Application.

Specifically, the Bankruptcy Court solicited from Appellant a brief entirely devoted to articulating the alleged material misrepresentations Appellant first flagged in his Objection to the Fee Application. *See* Scheduling Order, Bankr. Dkt. No. 87, ECF No. 3-5 at 715–17; Debtor's First Resp. to Sched. Order, Bankr. Dkt. No. 89, ECF No. 3-5 at 719–27 (identifying same "material misstatements contained in the [Fee] Application" as appear in the Appellant's Brief, ECF No. 6). Then, the Bankruptcy Court heard from Appellant on the identified misstatements. Am. Tr. Feb. 21, 2024 Hrg. ("Fee App. Hrg. Tr.") 30:1–46:25, ECF No. 5. Finally, the Bankruptcy Court performed its own fee calculation, taking into account the arguments of the parties and the evidence presented, resulting in its Memorandum Opinion and Order Approving the Fee Application. ECF No. 1-1 at 4–18. Of particular note, the Bankruptcy Court accepted certain issues flagged by Appellant and made adjustments and corrections to the figures appearing in the Fee Application, and in so doing it cured those misstatements that it deemed to be material.

Specifically, the Bankruptcy Court adjusted the baseline amount-sought to $8,235 after resolving a discrepancy flagged at the hearing between different sums listed at various parts of the Fee Application, Mem. Op. Approving Fee App. 11, corrected the hours-billed figures for James Kane and Jason Kane to align with their contemporaneous time records, *id.* at 12–13, and it further inquired into the difference between the initial retainer and the amount presently held in trust for Appellant, which inquiry resulted in a reduction in the fee calculation of an unaccounted-for sum of $52, *id.* at 13.

The Court finds no error in the resolution of these discrepancies, nor does it find error in the Bankruptcy Court's determination that the other "misstatements" identified by Appellant— e.g., Appellees' mistaken citation to "11 U.S.C. . . . . 331(b)(2)," Appellant's Br. 11, ¶ 35(a)—were not material to its ultimate fee calculation and thus neither material to nor worth addressing in its final Memorandum Opinion Approving the Fee Application.  The Bankruptcy Court was best positioned to make credibility determinations regarding whether a misstatement was a mere typographical or clerical error or based on a mistake of memory and otherwise immaterial, and the Court finds nothing in the record to upset the Bankruptcy Court's conclusions in that regard.

Accordingly, the Court AFFIRMS the Bankruptcy Court with respect to Issues 1 and 2.

2. Ethical & Legal Duty

Ancillary to the above issues, Appellant argues that this Court should consider on appeal whether Appellees had an "ethical and legal duty to tell the truth to the Bankruptcy Court," and whether they violated such duty.  Appellant's Br. 20–21, ¶¶ 56–63.  The Court need not expend much ink on this argument, for three reasons.  First, it is not a claim of error on the part of the Bankruptcy Court, but rather an issue raised for the first time on appeal.  *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not

consider an issue not passed upon below."). Second, Appellant's argument does not rest on legal tenets undercutting the Bankruptcy Court's analysis, but rather on the Model Rules of Professional Conduct. Appellant's Br. 21, ¶ 58. This Court does not sit as an ethical tribunal, and there are mechanisms for raising such concerns other than by way of appeal from the Bankruptcy Court. Third and finally, Appellant's arguments regarding lack of candor are premised on the filings and testimony—including the alleged material misstatements—that the Bankruptcy Court weighed and passed on already. And, for the reasons discussed above, the Court finds no error in the Bankruptcy Court's decisions on such statements' materiality, intentionality, and/or credibility. Thus, the Court finds no grounds for reversal in Issues 22, 23, and 24.

## B. Issues 12 & 14: Attorney-Client Privilege Implicated by the Application

Appellant argues in Issues 12 and 14 that the Bankruptcy Court erred with respect to its resolution of Appellant's claim that the Fee Application contained information subject to the attorney-client privilege and thus should not be admitted into evidence. Attorney-client-privilege determinations are subject on appeal to "a two-fold standard of review." *Under Seal 1 v. United States (In re Grand Jury 2021 Subpoenas)*, 87 F.4th 229, 256 (4th Cir. 2023) (quoting *Hawkins v. Stables*, 148 F.3d 379, 382 (4th Cir. 1998)). If the ruling below relied on findings of fact, the appellate court will review for clear error. *Id.* But if it relied on legal principles, the appellate court reviews *de novo*. *Id.* Additionally, "[e]videntiary rulings are . . . subject to harmless error analysis." *Ledo Pizza Sys. v. Ledo Rest., Inc.*, 407 F. App'x 729, 732 (4th Cir. 2011) (quoting *United States v. Roe*, 606 F.3d 180, 185 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 617 (2010)) (applying *Roe* standard to privilege determination in court below); *see* Fed. R. Bankr. P. 9005; Fed. R. Civ. P. 61.

Critically, because Appellant has given no indication that he was prejudiced by the Bankruptcy Court's ruling as to admissibility, *see* Appellant's Br. ¶¶ 64–73 (entirety of argument with respect to the attorney-client privilege issues on appeal), he is entitled to no relief on these claims.

## C.  Issues 3, 4, & 13:  Sealing of the Fee Application Hearing & Record

The next set of issues on appeal deal with the Bankruptcy Court's procedural decision not to conduct its review of the purported attorney-client privilege issues in a sealed hearing or via in camera review, as well as its decision and/or statements with respect to sealing the related record. Specifically, the Bankruptcy Court found that Appellant had not complied with its Scheduling Order with respect to the timing of filing motions to seal and so had procedurally defaulted on his right to have the Fee Application Hearing conducted under seal.  Mem. Op. Approving Fee App. 9.  The Bankruptcy Court further denied Appellant's blanket assertion of the attorney-client privilege as to any testimony offered by Appellees, though it did give Appellant the opportunity to object on a question-by-question basis.  *Id.*  According to the Bankruptcy Court, Appellant "did not object[] to any specific testimony on this basis."  *Id.*  Appellant challenges the Bankruptcy Court's finding that Appellant "did not make a timely request to seal in accordance with the Scheduling Order," Appellant's Br. 25, ¶¶ 77–80, and also complains that the Bankruptcy Court has not followed through with its own representation that it would "seal the record that has been filed [i]n the Court as of [the Fee Application Hearing]."  *Id.* ¶¶ 75–76.

As to the first challenge, the Court finds no reversible error in the Bankruptcy Court's determination that Appellant did not make a timely motion requesting that the Fee Application Hearing be sealed.  Appellant quibbles with the phrasing of the Scheduling Order, which was issued after Appellant's original request (leveled in his Objection to the Fee Application) for either

a sealed hearing or in camera review and which stated: "If a party seeks to seal in whole or in part any pleading and/or the [Fee Application] Hearing, such party must file a motion in compliance with Rule 9037 of the Federal Rules of Bankruptcy Procedure." Sched. Order ¶ 5, Bankr. Dkt. No. 87, ECF No. 3-5 at 715–17. Appellant argues that "Rule 9037 applies to filings and not hearings," Appellant's Br. ¶ 79, and that since he had already made his request to seal, he did not waive any request for a sealed evidentiary hearing. Appellant's argument is unpersuasive.

The Scheduling Order's language clearly directs the filing of a *motion that is in compliance with* Rule 9037 of the Federal Rules of Bankruptcy Procedure; it is nonsensical to read this language as suggesting that Rule 9037 applies to the hearing sought to be sealed, as Appellant would have it. And despite Appellant's prior request for a sealed hearing or in camera review, the Scheduling Order's directive that any such requests be filed as motions in compliance with Rule 9037 superseded that request and made its viability conditional on compliance—just as Appellant was directed to file supplemental pleadings specifying his objections with respect to the misstatement and privilege issues he raised in his Objection. Finally, the Scheduling Order cautioned that "[f]ailure to comply with this Scheduling Order shall result in appropriate sanctions, and that "[i]t is the responsibility of all counsel and pro se litigants to be thoroughly acquainted with and follow the procedures set forth in the statutes, the national and local bankruptcy rules, and the requirements of the judge." Sched. Order ¶¶ 9–10. In light of the foregoing, the Court finds no reversible error in the Bankruptcy Court's determination that Appellant did not timely file a motion for the Fee Application Hearing to be sealed in compliance with the Scheduling Order, and that he therefore waived such request.

As to the second challenge, that the Bankruptcy Court has not properly sealed the relevant aspect(s) of the record, the Court finds that to be an improper issue on appeal, as it was not a

component of the Bankruptcy Court's Memorandum Opinion and Order Approving Fee Application and is an issue raised for the first time on appeal. *Singleton*, 428 U.S. at 120; *see In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("When a party in a civil case fails to raise an argument in the lower court and instead raises it for the first time [on appeal], we may reverse only if the newly raised argument establishes fundamental error or a denial of fundamental justice."). On this record, the Court finds the claim waived as it has not been properly exhausted below.

**D.  Issues 5, 6, 7, 8, & 9:  Acceptance of Appellees' Late-Noticed Exhibits and Witnesses**

Finally, in Issues 5, 6, 7, and 8, Appellant challenges the Bankruptcy Court's decisions to permit Appellees to introduce evidence and testify at the Fee Application Hearing despite Appellees having filed their exhibit and witness lists one day late, *see* Appellant's Br. 26–28, ¶¶ 82–93 (relating to Issues 5, 7 and 8), and its characterization that Appellees' Engagement Letter was "was admitted without objection from either party," *see id.* at 28–29, ¶¶ 94–98 (relating to Issue 6).  Hand-in-hand with these Issues is that raised in Issue 9, wherein Appellant challenges the Bankruptcy Court's finding—as part of determining that the appropriate sanctions for such lateness was merely an award of costs to Appellant—that there was no evidence that Appellees acted in bad faith. *Id.* at 29–30, ¶¶ 99–100.

Bankruptcy Rule 7037 incorporates Rule 37(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include . . . rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(vi).  "'[T]he power to impose sanctions under Rule 37(b) is discretionary with the trial court and its exercise will be disturbed on appeal only for an abuse of discretion' or for failure by the trial court to clearly state its reasons for imposing a particular sanction." *LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 192 (D. Md. 2017) (quoting *Nat'l*

11

*Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)), *aff'd* 706 F. App'x 811 (4th Cir. Dec. 21, 2017); *see also Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505 (4th Cir. 1977).

Here, the Bankruptcy Court recognized that Appellees' failure to timely file their exhibit and witness lists merited some sanction, but it found that "there [was] no evidence that [Appellees] acted in bad faith;" that Appellant suffered negligible prejudice from the late filing; that attorneys need to adhere to deadlines imposed by court orders and a sanction would promote deterrence; and that the least-drastic sanction appropriate was that Appellees reimburse Appellant for the costs Appellant "incurred in connection with preparing and filing the Objections." Mem. Op. Approving Fee App. 5–7. This sanction stood in contrast to Appellant's preferred choice of sanction, i.e., full exclusion of the late-noticed witness testimony and exhibits, which—as the Bankruptcy Court noted—would essentially result in entry of default judgment for Appellant on the Fee Application.

The Bankruptcy Court fully explained its reasons for opting to admit the witness testimony and exhibits and, as part of that, explained why it did not find bad faith, based on the evidence and testimony presented. *Id*. at 5. Appellant has presented no legal arguments to suggest that the Bankruptcy Court was "guided by erroneous legal principles." *In re Jemsek Clinic*, 850 F.3d at 156 (quoting *Westberry*, 178 F.3d at 261). Neither has he presented facts to bring the Court to conclude that the Bankruptcy Court's decision "rest[ed] upon a clearly erroneous factual finding" *Id*. Rather, he simply restates his prior arguments that Appellees "acted in bad faith by purposefully making misleading and false statements in the [Fee] Application" and in testimony to the Bankruptcy Court. Appellant's Br. 29–30, ¶ 100. For the reasons discussed above, *supra* Part III.A, the Bankruptcy Court was best positioned to make credibility determinations regarding the intentionality of Appellees' purported misstatements, and Appellant has not persuaded the

Court that such determinations were clearly erroneous.  Thus, the Court finds no abuse of discretion in the Bankruptcy Court's sanctions and admissibility determinations with respect to Appellees' late-noticed exhibit and witness lists.

As a final matter, with respect to Issue 6 and whether the Bankruptcy Court erred in writing that the Engagement Letter between Appellant and Appellees was "admitted [at the Fee Application Hearing] without objection from either party," Appellant's Br. 29, ¶ 98, the Court finds no error, let alone any showing of harm or prejudice to Appellant.  *Ledo Pizza Sys.*, 407 F. App'x at 732 ("Evidentiary rulings are . . . subject to harmless error analysis."); Fed. R. Bankr. P. 9005; Fed. R. Civ. P. 61.  The transcript from the Fee Application Hearing shows that Appellant nominally objected to the introduction of this exhibit, but when the Bankruptcy Court sought clarification as to the objection, Appellant could only muster, "I'm not sure what he's rebutting against."  Fee App. Hrg. Tr. 39:16–40:2.  The Bankruptcy Court properly found this to be insufficient to state an actual objection, and on that basis it deemed the exhibit admitted without objection.  And, again, even if the Bankruptcy Court had erred in its recitation of the admission-pedigree of this document, Appellant has given no indication that he was prejudiced by the Bankruptcy Court's statement.  As such, he is entitled to no relief on this claim, either.

### E.  Final Fee Award

Having reviewed the individual components of the Bankruptcy Court's fee-award decision, the Court has found no basis for reversal as to any legal question.  *Colo. Bankers Life Ins.*, 60 F.4th 148 at 153 (a grant of attorneys' fees is reviewed for abuse of discretion, but legal determinations justifying such an award are reviewed *de novo*).  As to the final sum calculated and awarded by the Bankruptcy Court, Appellant identifies no additional grounds for the Court to find that the award constituted an abuse of discretion, and so the Court will affirm the award in full.

## IV.  CONCLUSION

For the reasons set forth above, the Court finds no reversible error in the Bankruptcy Court's Memorandum Opinion and Order Approving Fee Award, and so it affirms the decision of the Bankruptcy Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/

_____

Roderick C. Young
United States District Judge

Date:  March 11, 2025
Richmond, Virginia